IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2007 DEC 14  P 4: 10

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:07CV1089-mht |
| | ) |
| DOLA J. PEAK, a/k/a | ) |
| DOLA JUNE WARREN PEAK, a/k/a | ) |
| DOLA JUNE PEAK, | ) |
| | ) |
| Defendant | ) |

## COMPLAINT

The Plaintiff, United States of America, by and through Leura G. Canary, United States

Attorney for the Middle District of Alabama, for cause of action alleges:

1. The United States brings this civil action under the Federal Debt Collection Procedures

Act of 1990, Title 28, United States Code, Section 3001(a), and common law.

2. This Court has jurisdiction over this action by virtue of Title 28, United States Code,

Section 1345.

3. That the defendant, Dola J. Peak, a/k/a Dola June Warren Peak, a/k/a Dola June Peak, is

a resident of the Middle District of Alabama, residing at 950 S. Westmont Street, Geneva, Alabama

36340.

4. That the defendant owes plaintiff the total sum of $10,104.91 ($5,254.04 principal

and $4,850.87 interest as of August 7, 2007), plus interest at the rate of 8 percent per annum on the

$2,625.00 note, and 8.20% per annum on the $3,000.00 note,  according to the Certificates of

Indebtedness and Promissory Notes attached hereto as Exhibits A, B, C, and D.

5.    Written demand has been made upon defendant for the amount of this claim, but defendant has failed and refused to make payment thereof.

Wherefore, plaintiff demands judgment against defendant in the amount of $10,104.91 ($5,254.04 principal, and $4,850.87 interest as of August 7, 2007), plus interest at the rate of 8 percent per annum on the $2,625.00 note, and 8.20% per annum on the $3,000.00 note, until the date of judgment, and interest at the legal rate from the date of judgment until paid in full, for cost of suit and other proper relief.

DATED this *14TH* day of December, 2007.

LEURA G. CANARY
UNITED STATES ATTORNEY

By

R. RANDOLPH NEELEY
Assistant United States Attorney
Bar Number: 9083-E56R
Post Office Box 197
Montgomery, AL  36101-0197
Telephone No.: (334) 223-7280
Facsimile No.: (334) 223-7418
E-mail:  **rand.neeley@usdoj.gov**

## U. S. DEPARTMENT OF EDUCATION
## SAN FRANCISCO, CALIFORNIA

### CERTIFICATE OF INDEBTEDNESS #1 of 2

Dola J. Peak
Aka: Dola June Warren Peak,
Dola June Peak
950 S. Westmont St.
Geneva, AL 36340-9409
Account No: 489741131

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 08/07/07.

On or about 09/22/88, the borrower executed promissory note(s) to secure loan(s) of $2,625.00, from Jefferson Bank at 8.00 percent interest per annum. This loan obligation was guaranteed by Missouri Guaranteed Student Loan Program and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et. seq. (34 CFR Part 682). The holder demanded payment according to the terms of the note(s), and credited $0.00 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 01/04/90, and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $2,762.51 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt from the borrower. The guarantor was unable to collect the full amount due, and on 11/12/98, assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has credited a total of $940.67 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal | $2,286.51 |
| Interest: | $2,182.09 |
| Total debt as of 08/07/07: | $4,468.60 |

Interest accrues on the principal shown here at the rate of $.50 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: _9/18/07_

Loan Analyst
Litigation Support

# MISSOURI GUARANTEED STUDENT LOAN PROGRAM

## APPLICATION AND PROMISSORY NOTE FOR A LOAN UNDER THE GUARANTEED STUDENT LOAN PROGRAM

Coordinating Board for Higher Education    Missouri Guaranteed Student Loan Program (314) 751-3940

**WARNING:** The assistance applied for herein is provided in part by the United States. Any person who knowingly makes a false statement or misrepresentation on this form shall be subject to prosecution under provisions of the United States Criminal Code.

**PART A (to be completed by the student)**

1. (Security Number) 1033... 
2. (Last) Peak (First) Dola (Middle) (Maiden) June Warren

3. Birth Date ...159
4. Permanent Address – Street P.O. Box 213 Hwy. 100
   City Chamois    State MO 65024 65024

5. Area Code/Phone No. (314) 763-5455
6. Permanent Resident of: Use two-digit code    Code 26  Since 6 1988
7. U.S. Citizenship Status (a) U.S. Citizen/National  (b) Eligible Non-Citizen (see inst.)  (c) Neither (a) nor (b)
8. Alien Registration No. N/A
   State  P200-1705-9971
9. Prior to the academic year for which this loan is requested, had you ever been enrolled in any school beyond the high school level?   Yes ☐ No ☑

10. Provide the information about your most recent GSL:  Loan Amt: $___  Loan Period: From ___ to ___  Interest Rates: 7% ☐ 8% ☐ 9% ☐ 810% ☐
11. Enter the unpaid balance on ALL GSL's and FISL's (include total in #10). If you do not owe money, enter 0.
12. Enter the unpaid balance on ALL PLUS/SLS Loans, and Consolidation Loans. If you do not owe money, enter 0.

13. Intended Enrollment Status (To be eligible a student must be enrolled half-time or more)  1. Full Time ☑   2. At Least Half-Time ☐
14a. Requested Loan Amount 2625–
14b. Loan Period From 9 88 to 6 89
15. Have you ever defaulted on an educational loan?  Yes ☐ No ☑

16. Name of lender (in Part A of application) Bank of Chamois / Jefferson Bank
17. Loan Code Number 820369
18. Major Course of Study Code Number 5

## 19. REFERENCES – You MUST enter 3 different people at 3 different addresses!

| | a. Parent/Guardian | b. Adult Relative | c. Adult Reference |
|---|---|---|---|
| Name | Charles Ishman | Wally Kallion | Kathy Gilbert |
| Street | Spootina PO 196 | PO Box 213 Rt 1 | Chamois MO Box 44 |
| City, State, Zip | St Lewis Mo 63196 | Chamois Mo 65024 | Chamois Mo Rt 1 |
| Phone Number | 314-896-5319 (65043) | 314-763-5455 | 314-763-5455 |
| Employer | Northwestern | Main Street Package | Main Street Package |
| Relationship to Borrower | | | |

## PROMISSORY Note for a Guaranteed Student Loan

**I. Promise To Pay I,** the undersigned student borrower indentified in Part A, Item 2, promise to pay to you or your order when this note becomes due as set forth in Paragraph II the sum in Part A, Item 14a of this application or such loan amount as is advanced to me in the Notice of Loan Guarantee and Disclosure Statement, plus interest as set forth in Paragraph III, and any other charges which may become due as provided in Paragraph VI. If I fail to pay any of these amounts when they are due, I will pay all charges and other costs, including the fees of an outside attorney and court costs that are permitted by Federal law and regulations for the collection of this loan, which you incur in collecting this loan. (See Paragraphs II, III, VI on the other side.) My signature certifies that I have read, understand and agreed to the conditions and authorizations in the Borrower Certification printed on the reverse side.

I UNDERSTAND THAT THIS IS A PROMISSORY NOTE. I WILL NOT SIGN THIS PROMISSORY NOTE BEFORE READING IT INCLUDING THE WRITING ON THE REVERSE SIDE, EVEN IF OTHERWISE ADVISED. I AM ENTITLED TO AN EXACT COPY OF THIS PROMISSORY NOTE. THE NOTICE OF LOAN GUARANTEE AND DISCLOSURE STATEMENT AND ANY AGREEMENT I SIGN. BY SIGNING THIS PROMISSORY NOTE I ACKNOWLEDGE THAT I HAVE RECEIVED AN EXACT COPY HEREOF.

21. Signature of Borrower  Dola G Peak    9-22-88

22. Signature of Endorser (if any)    Date

## PART B (to be completed by the educational institution)

23. Name of Educational Institution  Mansell University Beauty Arts & Sciences
24. U.S. Dept. of Education School Code  025208

25. Mailing Address (Street, Box, City, State, Zip)  2425 Industrial Dr. Jefferson City Mo 65101
26. State Code  
27. Adjusted Gross Income  $ 9,696.00
28. Estimated Student Contribution  $ 8,692.00
29. Estimated Financial Assistance  $ 2050.00    (314) 635-6133
30. Expected Family Contribution (See Instructions)  $ 154

31. AMOUNT OF LOAN (Item 28 less items 29 and 30 not to exceed statutory limits or amount requested by students in item 14a if less.)  $ 2,625.00

32. Borrower's Grade Level  ☑ 1 – 1st Year (Freshman)  ☐ 2 – 2nd Year (Sophomore)  ☐ 3 – 3rd Year (Junior)  ☐ 4 – 4th Year (Senior)  ☐ 5 – 5th Year, (Undergraduate)  ☐ 6 – 1st Year Graduate or Professional  ☐ 7 – 2nd Year Graduate or Professional  ☐ 8 – 3rd Year Graduate or Professional  ☐ 9 – Beyond 3rd Year Graduate or Professional

33. Anticipated Graduation Date  Mo 06  Day 13  Yr 89
34. Student Status  ☐ 1 Dependent  ☑ 2 Independent
35. Beginning Date of Each School Term Covered by Loan Period  #1  09  13  88
36. Period of Loan  From Mo 09 Day 13 Yr 88  to Mo 06 Day 13 Yr 89    #2    #3

I hereby certify that the student named in Part A is accepted for enrollment, or is enrolled as at least a half-time student and is making satisfactory progress in a program determined to be eligible for the Guaranteed Student Loan Program. I further certify that, based upon records available at this institution, this student is neither in default nor owes a repayment with respect to previous Federal Financial Assistance, and that the information provided in Part A is true, complete, and correct to the best of my knowledge and belief.

37. Signature of Authorized Financial Aid Officer    Print or Type Name and Title  Admissions/Financial Aid    Date 09/22/88

## PART C (to be completed by the lending institution)

38. Name of Lending Institution
39. Loan Disbursement Date(s)    Loan Disbursement Amts.

**BEST COPY AVAILABLE AT TIME OF IMAGING**

40. Address    #1    $ .00
City    State    Zip Code    #2    $ .00
    #3    $ .00
    #4    $ .00

41. Area Code/Phone No. ( )    42. Lender Code    43. Int. Rate    TOTAL AMOUNT LENDER APPROVES  $ .00
44. Signature of Authorized Lending Official    Print or Type Name and Title    Date

---

**NOTICE TO STUDENT:** Terms of the Promissory Note continue on the reverse side.

Copy 1 CBHE Copy (White)    Copy 2 Lending Institution Copy (Pink)    Copy 3 School Copy (Blue)    Copy 4 Student Copy (Yellow)

MGSLP-F-1    Lender: Mail completed application to MGSLP/CSI, P.O. Box 53198, Jacksonville, FL 32201    1/88

B

# Additional Terms of the Promissory Note for a Guaranteed Student Loan

**II. Date Note Comes Due** ... I must repay this loan: (1) in periodic installments during a repayment period that will begin no later than the end of my grace period, or (2) in full immediately if I fail to enroll and attend the school which certified my application for the academic period intended (fail to enroll but not be eligible for a grace period). My grace period is that period of time which begins when either I leave school or stop carrying at an eligible institution at least one-half the normal full-time academic work load required by the school. The Notice of Loan Guarantee and Disclosure Statement will identify the length of my grace period. During the grace period I may request that the grace period be shortened and that repayment period begin earlier.

**III. Interest** I agree to pay an amount equal to simple interest rate specified in (41) on the unpaid principal balance from the date of disbursement until the entire principal sum and accrued interest are paid in full. (1) However, the United States Secretary of Education (Secretary) will pay the interest that accrues on this loan prior to repayment status and during any deferment, if it is estimated that I qualify to have such payments made on my behalf under the regulations governing the Guaranteed Student Loan Program (GSLP). In the event that the Secretary does not make such interest payments, I will be responsible for payment of all interest that accrues on this loan, except that if the interest accruing on this loan prior to the repayment period was payable by the Secretary, the Secretary will pay the interest that accrues during any period described under DEFERMENT in this promissory note. (4) The interest rate will be determined according to the following: (g) If I have an outstanding Guaranteed Student Loan(s) (GSL) on the date I sign this note, the applicable interest rate will be the same as the applicable interest rate on the outstanding GSL(s). (b) If I am borrowing for a period of enrollment which begins before July 1, 1988, and I have no outstanding GSL(s), the applicable interest rate on this loan will be 8%. (c) If I am borrowing for a period of enrollment which begins on or after July 1, 1988, and have no outstanding GSL(s) the applicable interest rate will be 8%. Supplemental Loans For Students (SLS) made for enrollment periods beginning before that date or on any Consolidation Loan(s) which repaid loans made for enrollment period(s) beginning before that date, the applicable interest rate on this loan will be 10% if I am borrowing for a period of enrollment which begins on or after July 1, 1988, and I have no outstanding balance on any GSL, PLUS, or SLS made for enrollment period(s) beginning before that date or on any Consolidation Loan(s) which repaid loans made for enrollment period(s) beginning before that date, the applicable interest rate on this loan will be 8% until the end of the fourth year of my repayment status, and 10% beginning with the fifth year of my repayment status. (5) The applicable interest rate (a) until the end of the fourth year of my repayment status, and (b) beginning with the fifth year of my repayment status, will be identified on the Notice of Loan Guarantee and Disclosure Statement. (6) I may also receive rebates of interest, if required by the Higher Education Act of 1965, as amended, when the applicable interest rate is 10%. The lender or other holder of this note may add accrued unpaid interest to the unpaid principal balance (capitalization) of this loan in accordance with regulations of the Coordinating Board for Higher Education.

**IV. Origination and Guarantee Fee** If required to do so by the lender, I will pay to the lender an origination fee not to exceed the percentage of the loan amount that is authorized by federal law. The lender may deduct this fee from the proceeds of the loan. If required to do so by the lender, I will pay to the lender an amount equal to the premium that the lender is required to pay to the guaranty agency to obtain coverage on this loan. The lender may deduct this premium proportionally from each disbursement of principal of this loan.

**V. Default** I will be in default if I fail to make an installment payment when due, or to meet other terms of this promissory note under circumstances where the Secretary of Education or the CBHE finds it reasonable to conclude that I no longer intend to honor the obligation to repay, provided that this failure persists for (1) 180 days for a loan repayable in monthly installments; or (2) 240 days for a loan repayable in less frequent installments. If I default on this loan (1) the lender will declare the entire unpaid amount of the loan, including interest, immediately due and payable. (2) the lender, holder or the CBHE will disclose to schools I have attended or am currently attending information about the default. (3) I will be ineligible to receive assistance from any of the following federal programs: Pell Grant, Supplemental Education Opportunity Grant, College Work-Study, State Student Incentive Grant, Perkins Loan (formerly called National Direct Student Loan), Guaranteed Student Loan, Supplemental Student Loan, PLUS Loan or Consolidation Loan, and (4) I will be ineligible for the benefits described under DEFERMENT and INTEREST in this promissory note.

**VI. Late Charges** The lender may collect from me a late charge if I fail to pay all or part of a required installment payment within 10 days after it is due or if I fail to provide written evidence that verifies my eligibility to have the payment deferred as described under DEFERMENT in the promissory note. A late charge may not exceed 6 cents for each dollar of each late installment.

**VII. Additional Agreements** 1) The proceeds of this loan will be used only for my educational expenses at the school indicated in Part B of my application. 2) Any notice required to be given to me will be effective when mailed by first class mail to the latest address you have for me. 3) Your failure to enforce or insist that I comply with any term of this note is not a waiver of your rights. No provision of this note can be waived or modified except in writing. 4) If the CBHE is required under its guarantee to repay my loan(s) because I have defaulted, CBHE will become the owner of this note and as my creditor will have all the rights of the original lender to enforce the note against me. 5) I understand that I must repay this note even though I may be under 18 years of age. 6) If I am unable to make the scheduled payments for reason of hardship, I may be eligible for forbearance as provided for in the CBHE regulations at the discretion of the lender on the repayment of my loan(s). 7) In this note the words I, me, and my mean the borrower identified in Item 2 or Part A of the application. You, your and yours mean the lender and any other owner of the note.

**VIII. Deferment** You will let my pay interest only (if such interest is not paid by the United States Government) and let the dealer making principal payments on this note as provided below if my repayment period has begun and I am not in default and can provide written evidence that I

quality for the deferment. (1) While I am engaged in a) Full-time study at school that is participating in the GSLP, unless I am at an institution of the United States and am studying at a school not located in the United States, b) Full-time study at an institution of higher education or a vocational school that is operated by an agency of the Federal Government (e.g., the service academies), unless I am not a national of the United States and am studying at a school not located in the United States, c) An eligible graduate fellowship program, or d) An eligible rehabilitation training program for disabled individuals. (2) For periods not exceeding 36 months (for each of the following) while I am: a) On active duty status in the Armed Forces of the United States, or serving as an officer in the Commissioned Corps of the United States Public Health Service, b) Serving as a volunteer under the Peace Corps Act, if I have agreed to serve for a term of at least one year c) Serving as a full-time volunteer under Title I of the Domestic Volunteer Service Act of 1973 (ACTION programs), if I have agreed to serve for a term of at least one year, d) Performing full-time volunteer service which the Secretary of Education has determined is comparable to service in the Peace Corps, ACTION programs, or an organization exempt from taxation under Section 501 (c)(3) of the Internal Revenue Code of 1954, as amended; or e) Temporarily totally disabled, as established by a sworn affidavit of a qualified physician, or unable to secure employment because I am caring for a spouse or other dependent who is temporarily totally disabled, as established by a sworn affidavit of a qualified physician. (3) For periods not exceeding 24 months (for each of the following) while I am: a) Serving in an eligible internship that the Secretary of Education has determined as necessary for me to gain professional recognition required to begin full-time employment in the United States. (4) For periods not exceeding 6 months when I am pregnant or caring for a newborn child or caring for a child immediately following the placement of the child through adoption, provided I am not attending school and am not gainfully employed. Immediately qualify for this deferment, I must have been enrolled, within the past 6 months, at least half-time in a school participating in the GSL Program.

In addition to the above deferments, if I am a new borrower (as defined below) receiving a loan for a period of enrollment beginning on or after July 1, 1987, I may also request deferments of payment of principal on my loan after the repayment period begins under any of the following circumstances. (5) While I am engaged in at least half-time study at a school that is participating in the GSLP, unless I am not a national of the United States and am studying at a school not located in the United States, (6) I receive a loan under the GSL or SLS program for the enrollment period, (6) For periods not exceeding 36 months (for each of the following) while I am: (a) An active duty member of the National Oceanic and Atmospheric Administration Corps; or b) Engaged as a full-time teacher in a public or private elementary or secondary school in a teacher shortage area as defined by the Secretary of Education. (7) For periods not exceeding 12 months if I am a mother with preschool age children, and entering or reentering the work force, and am being paid at a rate that is no more than $1.00 above the minimum hourly wage prescribed by the Fair Labor Standards Act of 1938.

A "new borrower" is one who has no outstanding balance on a GSL, PLUS, SLS or Consolidation Loan on the date he or she signs the promissory note and who receives a loan either (1) for a period of enrollment beginning on or after July 1, 1987, or (2) disbursed on or after July 1, 1987.

In order to receive a deferment, I must request the deferment and provide my lender with all documentation required to establish my eligibility (as set forth in the regulations governing the GSL).

I understand that I must notify my lender when the condition entitling me to the deferment no longer exists.

**IX. Repayment** I will repay the total amount due on this promissory note in periodic installments, with interest at the rate indicated in INTEREST, Paragraph III, on the unpaid balance from the due date of this promissory note until the loan is paid in full. Prior to the due date of the promissory note, you will send to me a Repayment Schedule which shows the particular repayment terms that will become part of this promissory note. The Repayment Schedule may include all loans I have received from you under the Guaranteed Student Loan Program by the guarantor of this promissory note.

The Repayment Schedule will require me to make monthly payments for a period of not less than 5 nor more than 10 years after this note becomes due. At my option I may agree to a repayment period that is shorter than 5 years. I may at a later time have the repayment period extended so that the total repayment period is not less than 5 years, provided my total payments for any year of the repayment period on all my loans under the Guaranteed Student Loan Program, the PLUS Program, or the Supplemental Loans for Students Program under Title IV, Part B of the Higher Education Act shall not be less than $600 per year, including payments by my spouse on any loan under such programs for the balance of all such loans plus accrued interest if less than $600) even though this may result in a repayment period shorter than 5 years. If I qualify for any period described under DEFERMENT in this promissory note or if the lender grants forbearance those periods will not be included in the 5- and 10-year periods mentioned above.

**X. Prepayment** I may, at my option and without penalty, prepay all or any part of the principal or accrued interest of this loan at any time. If I do so, I will be entitled to a rebate of any unearned interest that I have paid.

**XI. Credit Bureau Notification** Information concerning the amount of this loan and its repayment will be reported to one or more credit bureau organizations. If I default on this loan, the lender, holder, or guarantor will also report the default to credit bureau organizations. This may significantly and adversely affect my ability to obtain other credit.

The lender, holder, or guarantor must notify me at least 30 days in advance that information about the default will be disclosed to credit bureau organizations unless I enter repayment on the loan within 30 days. The lender must provide a timely response to a request from any credit bureau organization regarding objections I might raise with that organization about the accuracy and completeness of information reported about me.

**XII. Disability or Death** If I become totally and permanently disabled, or if I die, my obligation to pay an amount owed on this loan will be cancelled.

**Borrower Certification (Item 21)**

I declare under penalty of perjury under the laws of the United States of America that the following is true and correct: I understand that I may be subject to penalties under the Federal Statutes... This application is true, complete and correct to the best of my knowledge and belief and is made in good faith. I hereby authorize the school to pay to which may be due me up to the amount of this loan. I understand that any school that I may attend to release to the lending institution, subsequent holder, the CBHE ... information pertinent to this loan (e.g., employment, enrollment status, current address). I certify that the proceeds of any loan made as a result of this application at the school named in Part B. I understand that I must immediately repay any funds that I receive if at the time of disbursement I am not enrolled at that school for the loan period stated in Item J6. I certify that the total amount of loans received under the Guaranteed Student Loan Program, Title IV, Part B (P.L. 89-329) as amended, will not exceed the allowable maximum. I further certify that I do not now owe a refund on a Pell Grant, Supplemental Educational Opportunity Grant, State Scholarship, and am not now in default on a Perkins (National Direct Student Loan, a Guaranteed Student Loan, a Federally Insured Student Loan, a Supplemental Loan for Students, a Consolidation Loan, an Income Contingent Loan. I further certify any lending institution to issue or release the proceeds of my loan, in full or in part, made payable to the order of the lender, jointly payable to me and the school, and sent to the school named in Part B. I have read and understand the Statement of Borrower's Rights and Responsibilities of this loan.

I understand that I will receive a Notice of Loan Guarantee and Disclosure Statement that identifies my loan amount, the interest rate, loan amounts, due dates and grace period. I understand and agree that if the information on the Notice of Loan Guarantee and Disclosure Statement conflicts with the information on this promissory note, the information of the Notice of Loan Guarantee and Disclosure Statement applies.

**ASSIGNMENT TO MISSOURI COORDINATING BOARD**

By: _____
Authorized Agent

Date: _____

## U. S. DEPARTMENT OF EDUCATION
## SAN FRANCISCO, CALIFORNIA

### CERTIFICATE OF INDEBTEDNESS #2 OF 2

Dola J. Peak
Aka: Dola June Warren Peak,
Dola June Peak
950 S. Westmont St.
Geneva, AL 36340-9409
Account No: 489741131

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 08/07/07.

On or about 02/10/89, the borrower executed promissory note(s) to secure loan(s) of $3,000.00, from Jefferson Bank at a variable rate of interest to be established annually by the Department of Education. This loan obligation was guaranteed by Missouri Guaranteed Student Loan Program and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et. seq. (34 CFR Part 682). The holder demanded payment according to the terms of the note(s), and credited $0.00 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 08/04/89, and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $3,305.86 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 11/12/98, assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has credited a total of $1,215.60 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal | $2,967.53 |
| Interest: | $2,668.78 |
| Administrative/Collection Costs: | $0.00 |
| Late Fees: | $0.00 |
| Total debt as of 08/07/07: | $5,636.31 |

Interest accrues on the principal shown here at the current rate of 8.20% and a daily rate of $.67 through June 30, 2008, and thereafter at such rate as the Department establishes pursuant to section 427A of the Higher Education Act of 1965, as amended, 20 U.S.C. 1077a.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: _9/18/07_

Loan Analyst
Litigation Support

# MISSOURI PLUS/SLS LOAN PROGRAM
### APPLICATION AND PROMISSORY NOTE FOR A LOAN UNDER THE PLUS/SLS LOAN PROGRAM
Coordinating Board for Higher Education    (314) 751-3940

WARNING: ANY PERSON WHO KNOWINGLY MAKES A FALSE STATEMENT OR MISREPRESENTATION ON THIS FORM IS SUBJECT TO PENALTIES WHICH MAY INCLUDE FINES OR IMPRISONMENT UNDER THE UNITED STATES CRIMINAL CODE AND 20 U.S.C. 1097.

## PART A1 – TO BE COMPLETED BY BORROWER – IMPORTANT – READ THE INSTRUCTIONS CAREFULLY

| 1. SOCIAL SECURITY NO. | 2. NAME (LAST) (FIRST) (MIDDLE or MAIDEN) | 3. BIRTH DATE |
|---|---|---|
| 1131 | Peak 19 DGA 0484 June | 1959 |

4. PERMANENT HOME ADDRESS – STREET: 196 Spalding Rd.    CITY OR TOWN: Holt Summit    STATE: Mo.    650 43

5. U.S. CITIZEN (See Instructions)
☐ (a) U.S. Citizen National
☐ (b) Eligible non-citizen
☐ (c) Neither (a) nor (b)
ALIEN REGISTRATION NO.
FORM NO.

6. AREA CODE/PHONE NUMBER: (314) 869-5319

7. BORROWER'S PERMANENT RESIDENCE Use two digit code (See Instructions)
Name of State: Mo.    Since: Mo. 7 Yr. 88

9a. HAVE YOU EVER DEFAULTED ON AN EDUCATIONAL LOAN? Yes ☐ No ☒ (See Instructions)

9b. Requested Loan Amount $ 3000

8. TYPE OF BORROWER (Check One)
☐ Parent    ☐ Graduate or Professional Student
☒ Independent Student    ☐ Dependent Student

9b. DRIVER'S LICENSE  Mo.  Number 1200-705-9411

9c. If you are entitled to an immediate deferment of the principal payments (See list of deferments on the back of this application in the promissory note), how do you want the interest paid?
(a.) ☐ By my monthly;    (b.) ☐ By my quarterly;    OR    (c.) ☒ Accrue & capitalize no more frequently than quarterly.

9d. My most recent PLUS/SLS was in the amount of $ 0 at ____ % interest rate covering the loan period of Mo. ___ Yr. ___ to Mo. ___ Yr. ___

9e. Enter the unpaid balance on ALL GSL's and Consolidation Loans. If you do not owe money, enter in $ 2625.00

10a. NAME OF LENDER FOR THIS APPLICATION: Jefferson Bank

10b. LENDER CODE NUMBER: 820369

10c. NAME OF YOUR EMPLOYER: Taco Bell    ADDRESS: Southwest Blvd.    CITY: Mo.    STATE: 65101    AREA CODE/PHONE NO. (314) 635-3773

11. REFERENCES – You MUST enter 3 different people at 3 different addresses!

| a. Parent-Guardian-Spouse | b. Adult Relative | c. Adult Reference |
|---|---|---|
| Agatha Warren | Dwight Warren | Irene Rutlege |
| Street: 196 Spalding | Street: 196 Spalding Rd. | Street: 104 E High St. |
| City, State, Zip: Holt Summit Mo. | City, State, Zip: Holt Summit Mo. | City, State, Zip: Jefferson Mo. |
| Phone Number: 896-5319 | Phone Number: 896-5319 | Phone Number: 635-1819 |
| Employer: Retired | Employer: Moss Tribune | Employer: Retired |
| Relationship to Borrower: Mother | Relationship to Borrower: Brother | Relationship to Borrower: Friend |

### PROMISSORY Note for a PLUS/SLS Loan

**I. Promise To Pay** I, the undersigned borrower identified in Part A1, Item 2, promise to pay to you or your order when this note becomes due as set forth in Part A1, Item 9b of this application or such loan amount as is advanced to me in the Notice of Loan Guarantee and Disclosure Statement, plus interest set forth in Paragraph III, and any other charges which may become due as provided in Paragraph VI. If I fail to pay any of these amounts when they are due, I will pay all charges and other costs including the fees of an outside attorney, and court costs that are permitted by federal law and regulations for the collection of this loan, which you incur in collecting this loan. (See Paragraphs II, III, VI on the other side) My signature certifies that I have read, understand and agreed to the conditions and authorizations stated in the Borrower Certification printed on the reverse side.

I UNDERSTAND THAT THIS IS A PROMISSORY NOTE. I WILL NOT SIGN THIS PROMISSORY NOTE BEFORE READING IT, INCLUDING THE WRITING ON THE REVERSE SIDE, EVEN IF OTHERWISE ADVISED. I AM ENTITLED TO AN EXACT COPY OF THIS PROMISSORY NOTE, THE NOTICE OF LOAN GUARANTEE AND DISCLOSURE STATEMENT AND ANY AGREEMENT I SIGN BY SIGNING THIS PROMISSORY NOTE I ACKNOWLEDGE THAT I HAVE RECEIVED AN EXACT COPY HEREOF.

12a. SIGNATURE OF BORROWER: Nola g. Peak    DATE: 2-10-1989

12b. SIGNATURE OF ENDORSER (IF ANY): ____    DATE: ____

## PART A2 – TO BE COMPLETED BY STUDENT – IMPORTANT – READ THE INSTRUCTIONS CAREFULLY

| 13. SOCIAL SECURITY NUMBER | 14. NAME (LAST) (FIRST) (MIDDLE or MAIDEN) | 15. BIRTH DATE Month Day Year |
|---|---|---|
| 1131 | Peak Dola June | 59 |

16. HAVE YOU EVER DEFAULTED ON AN EDUCATIONAL LOAN? YES ☐ NO ☐ (See Instructions)

17. U.S. CITIZEN (See Instructions)
☐ (a) U.S. Citizen/National
☐ (b) Eligible non-citizen
☐ (c) Neither (a) nor (b).
ALIEN REGISTRATION NO.
FORM NO.

18. PERIOD OF LOAN From Mo. 08 Yr. 88 To Mo. 07 Yr. 89

19. INTENDED ENROLLMENT STATUS FULL-TIME ☒    HALF-TIME ☐

20. MAJOR COURSE OF STUDY CODE NUMBER: 16

21. I have read and understand the terms of the STUDENT CERTIFICATION printed on the back of this application.
Signature of Student: Dola June Peak    Date 2-10-1989

## PART B – TO BE COMPLETED BY THE SCHOOL

23. NAME OF SCHOOL: Merrill University of Beauty Arts & SC

25. PERIOD OF LOAN: From Mo. 08 Yr. 88 To Mo. 07 Yr. 89

24. MAILING ADDRESS: 1101 W Southwest    CITY: Jefferson City    STATE: mo    ZIP CODE: 65109

29. ESTIMATED COST OF ATTENDANCE FOR PERIOD OF LOAN Total $ 8692.

26. SCHOOL CODE: 025208    27a. AREA CODE PHONE NO.: 314 635 4433    27b. STUDENT STATUS: Dependent ☐  Independent ☒

30. ESTIMATED FINANCIAL AID FOR PERIOD OF LOAN Total $ 4829

28a. STUDENT GRADE LEVEL (See Instructions): 1st yr undergraduate

28b. ANTICIPATED GRADUATION DATE: Month 07 Day 13 Year 89

31. AMOUNT OF LOAN (ITEM 29 LESS ITEM 30 NOT TO EXCEED THE STATUTORY LIMITS OR AMOUNT REQUESTED IN ITEM 9b IF LESS) Total $ 3000

I certify that the following information is true and correct. The information contained in Part B of this application is true, complete, and correct to the best of the school's knowledge and belief and is given in good faith. The student named in Part A2 is accepted for enrollment or is enrolled and is making satisfactory progress as at least a half-time student at this school. Based upon records available at this school, neither the student named in Part A2 nor the borrower named in Part A1 is in default or owes a refund on financial assistance under Title IV of the Higher Education Act of 1965, as amended. The information provided in Part B is true, complete, and correct to the best of my knowledge and belief.

32. Signature of Authorized Financial Aid Officer: Oneta L Kanse    Printed Name and Title: Admissions/Financial Aid    Date: 2-9-89

## PART C – TO BE COMPLETED BY LENDER

35. NAME OF LENDER: ____

36. LENDER CODE NUMBER: ____    37. LOAN TYPE: ____

40b. IN-SCHOOL interest will be paid:
____ (a) Monthly by borrower    ____ (b) Capitalized Quarterly
____ (c) Quarterly by borrower    ____ (d) Capitalized Annually
____ (e) Capitalized at Repayment

Address: ____

38. Amount Lender Approves: $ ____

39. Disbursement Date: Month ___ Day ___ Year ___

41. Number of Monthly Installments: ____

40a. Does the student borrower qualify for immediate deferment? Yes ☐ No ☐

42. First Payment Date: Month ___ Day ___ Year ___

43. SIGNATURE OF LENDING OFFICIAL
Signature: ____    Print Name and Title: ____    Date: ____

**BEST COPY AVAILABLE AT TIME OF IMAGING**

NOTICE TO BORROWER: Terms of the promissory note continue on the reverse side. By your signature on this Application and Promissory Note (Part A1), you are agreeing to the terms and certification continued on the reverse side.

Copy 1-White, CBHE Copy    Copy 2-Blue, Lending Institution Copy    Copy 3-Yellow, School Copy    Copy 4-Green, Borrower Copy

MPLUS/F-5

Lender: Mail completed application to MGSLP/CSI, P.O. Box 53198, Jacksonville, FL 32201    1/88

Additional Terms of the Promissory Note for a PLUS-SLS Loan

**II. Date Note Comes Due** I will repay this loan: 1) in periodic installments during a repayment period which begins on the day the loan is disbursed; or 2) in full immediately if I or the student on whose behalf this loan is made fails to enroll and attend at least on a half-time basis at a participating school. The Notice of Loan Guarantee and Disclosure Statement will identify my repayment schedule, interest rate, guarantee fee and the interest costs over the repayment period. If I fail to pay any of the amounts when they are due, I will also pay all charges and other costs - including attorney's fees - that are permitted by federal and state laws and regulations and are necessary for the collection of these amounts. If this loan is referred for collection to an agency that is subject to the Fair Debt Collection Practices Act, I will pay those collection costs which do not exceed 25% of the unpaid principal and accrued interest.

**III. Interest** 1) I will be responsible for payment of all the interest that accrues on this loan. My loan will bear interest at a variable rate not to exceed 12 percent which is adjusted annually over the life of the loan. The variable interest rate will be determined in accordance with federal statute and will be published by the U.S. Secretary of Education annually. My lender will notify me annually of the interest rate which will apply to my loan for each July 1 - June 30 period. 2) The lender may add any interest that is not paid when it is due to the unpaid principal balance of this loan in accordance with the CBHE regulations governing the PLUS/SLS Program.

**IV. Guarantee Fee** I will pay to the lender an amount equal to the guarantee fee that the lender is required to pay to the CBHE in order to obtain insurance coverage on this loan. If the lender does not withhold this fee from the principal amount of the loan and I have not already paid the fee, I will pay the fee when the lender bills me separately for it.

**V. Minimum and Maximum Repayment Terms** I will repay this loan within 10 years of the date of this promissory note, over a repayment period that generally lasts at least 5 years but no more than 10 years. However, the following exceptions to these rules apply:

A. The lender may require a repayment period shorter than 5 years if this is necessary to ensure that during each year of the repayment period I or, if both my spouse and I have GSL or PLUS/SLS loans outstanding, we pay toward principal and interest at least $600 of the unpaid balance, whichever is less of the total amount owing to all holders of my or our GSL and PLUS/SLS loans.

B. If I qualify for any period described under DEFERMENT in this promissory note, or if the lender grants forbearance, those periods will not be included in the 5- and 10-year periods mentioned above.

The particular terms and conditions of repayment that apply to this loan will be set forth in the Notice of Loan Guarantee and Disclosure Statement, that the lender will provide to me.

**VI. Late Charge** The lender may collect from me a late charge if I fail to pay all or part of a required installment payment within 10 days after it is due, or if I fail to provide written evidence that verifies my eligibility to have the payment deferred as described under DEFERMENT in this promissory note. A late charge may not exceed 6 cents for each dollar of each late installment.

**VII. Prepayment** I may, at my option, and without penalty, prepay all, or any part of the principal or accrued interest of this loan at any time. If I do so, I will be entitled to a rebate of any unearned interest that I have paid.

**VIII. Refinancing Options** The following are three refinancing options which may be available to me:

A. Refinancing to Secure Combined Repayment
A lender holding my PLUS/SLS loans may consolidate those loans to allow me to make a single monthly payment of principal and interest.

B. Refinancing to Secure a Variable Interest Rate
A lender holding my PLUS/SLS loan(s) may reissue my loan(s) at a variable interest rate. This interest rate, which will change annually, may not exceed 12 percent.

C. Refinancing to Discharge Previous Loans
If a lender holding my PLUS/SLS loan(s) denies me the option of refinancing to secure a variable interest rate (Option #2), I may apply to another lender to refinance my loan(s) through that variable interest rate.

If I use one of these refinancing options, the lender will disclose to me the repayment terms and the total of all payments due under that option.

**IX. Deferment for Parent PLUS and Other Non-Student SLS** In certain instances you will let me pay interest only and let me defer making principal payments on the note if my repayment period has begun. The instances currently authorized are described in items 7 and 8 of The Borrower's Responsibilities included in the booklet. I will remain responsible for paying interest during any period of deferment which may be paid (a) on a current, periodic basis, or (b) add to the principal.

**XI. Default** I will be in default if I fail to make an installment payment when due, or to meet other terms of the promissory note under circumstances where the Secretary or the CBHE finds it reasonable to conclude that I no longer intend to honor the obligation to repay, provided that this failure persists for (1) 180 days for a loan repayable in monthly installments; or (2) 240 days for a loan repayable in less frequent installments. If I default on this loan (1) The lender will declare the entire unpaid amount of the loan, including interest, immediately due and payable; (2) The lender, holder or the CBHE will disclose to schools I have attended or am currently attending information about the default; (3) and the intelligence and assistance from any of the following federal programs: Pell Grant, Supplemental Educational Opportunity Grant, College Work-Study, State Student Incentive Grant, Perkins Loan (formerly National Direct Student Loan, Guaranteed Student Loan, Supplemental Student Loan, PLUS Loan or Consolidation Loan; and (4) I will be ineligible for the benefits described under DEFERMENT and INTEREST in this promissory note.

**XII. Transfer of Loan to Subsequent Holder** Under the conditions set forth in federal and state regulations governing the PLUS/SLS Program, this loan may be transferred to a holder other than the original lender. If such a transfer takes place, I will have the same rights and responsibilities with regard to the subsequent holder that I had with regard to the original lender. This promissory note is not intended to be a negotiable instrument under the Uniform Commercial Code as adopted by any state and subsequent holder of the promissory note cannot be a holder in due course.

**XIII. Disability or Death** If I become totally and permanently disabled, or if I die, my obligation to pay any amount owed on this loan will be cancelled.

**XIV. Credit Bureau Notification** Information concerning the amount of this loan and its repayment will be reported to one or more credit bureau organizations. This may significantly and adversely affect my ability to obtain other credit. The lender, holder, or guarantor must notify me at least 30 days in advance that information about the default will be disclosed to credit bureau organizations unless I enter into repayment on the loan within 30 days. The lender must provide a timely response to a request from any credit bureau organization regarding objections I might raise with that organization about the accuracy and completeness of information reported about me.

**Borrower Certification — Part A1** I certify under penalty of perjury under the laws of the United States of America that the following is true and correct. The information contained in Part A1 of this application is true, complete and correct to the best of my knowledge and belief and is given in good faith. If I am applying for a PLUS loan as a parent borrower as indicated in application item number 9a, I certify that I am the natural or adoptive mother or father or legal guardian of the student named in Part A2 of the application form. The proceeds of any loan made as a result of this application will be used for educational purposes for the period of the loan covered by this application at the school named on this form. Any funds that I receive on behalf of the student named in Part A2 which cannot reasonably be attributed to meeting his or her educational expenses related to attendance at the school named in Part B for the loan period stated, must be returned to the lender. I authorize the school to pay to the lender any refund which may be due me, or the student on whose behalf I am borrowing, up to the amount of this loan. I further authorize any school that I may attend, or any school that the student on whose behalf I am borrowing may attend, to release to the lending institution, subsequent holder, the CBHE, U.S. Department of Education or their agents, any requested information pertinent to this loan (e.g., employment, enrollment status, current address). I certify that the total amount of loans received under the PLUS/SLS Program, Title IV, Part B (P.L. 89-329) as amended, will not exceed the allowable maximum. I further certify that I do not owe a refund on a Pell Grant, Supplemental Grant, State Student Incentive Grant, or Byrd Scholarship, and am not now in default on a Perkins Loan (National Direct Student Loan), Guaranteed Student Loan, Federally Insured Student Loan, PLUS Loan, Supplemental Loan for Students, Consolidation Loan, or Income Contingent Loan. I have read and understand the Statement of Borrower's Rights and Responsibilities printed with this application booklet for the PLUS/SLS Program.

**Student Certification — Part A2** I certify under penalty of perjury under the laws of the United States of America that the following is true and correct. The information contained in Part A2 of this application is true, complete, and correct to the best of my knowledge and belief and is given in good faith. I hereby authorize the school named in Part B to pay to the lender named in Part C any refund of school charges that may be due to me up to the amount of this loan. I hereby authorize the school to release information contained in my file that is relative to my eligibility (e.g., enrollment status, financial assistance, or employment). I have been accepted for enrollment or am enrolled and am making satisfactory progress as a half-time or full-time student at the school named in Part B. I further certify that I do not owe a refund on a Pell Grant, Supplemental Grant, State Student Incentive Grant, or Byrd Scholarship, and am not now in default on a Perkins Loan (National Direct Student Loan), Guaranteed Student Loan, Federally Insured Student Loan, PLUS Loan, Supplemental Loan for Students, Consolidation Loan, or Income Contingent Loan.

Authorized Agent

Date: 2-27-90